UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | DOCKET NO. 3:17-CR-182 |
| | ) | |
| vs. | ) | |
| | ) | |
| ALEXANDER SAMUEL SMITH, | ) | |
| | ) | |
| Defendant. | ) | |
| ______________________________ | ) | |

TRANSCRIPT OF CALENDAR CALL
BEFORE THE HONORABLE MAX O. COGBURN, JR.
UNITED STATES DISTRICT COURT JUDGE
MARCH 18, 2019

APPEARANCES:

On Behalf of the Government:

MICHAEL E. SAVAGE
United States Attorney's Office
227 West Trade Street, Suite 1700
Charlotte, North Carolina

On Behalf of the Defendant:

KEVIN TATE, ESQ.
MYRA CAUSE, ESQ.
Federal Public Defender's Office
129 West Trade Street, Suite 300
Charlotte, North Carolina

Cheryl A. Nuccio, RMR-CRR
Official Court Reporter
United States District Court
Charlotte, North Carolina

P R O C E E D I N G S

THE COURT: Alexander Samuel Smith.

MR. TATE: Good morning, Your Honor.

THE COURT: Good morning, Mr. Tate.

Good morning, Mr. Savage.

MR. SAVAGE: Good morning, Your Honor. Michael Savage for the United States. The government is ready.

MR. TATE: Kevin Tate appearing --

THE COURT: Where are we on the trial issue? Ready to go?

MR. SAVAGE: Pardon me?

THE COURT: Are you ready to go?

MR. SAVAGE: Yes, Your Honor.

THE COURT: Are you ready?

MR. TATE: Yes.

THE COURT: Okay. We'll pick your jury last today; and assuming it goes to trial, it will be the first case for trial.

MR. TATE: So that means we'd probably start presentation of evidence either late today or tomorrow.

THE COURT: Yeah, depending on how fast the juries go, it could be today. But tomorrow -- how long do you anticipate the case will take?

MR. SAVAGE: We anticipate two days for the government's case. Assuming the defense puts their case in on

the cross, probably three days at the most.

MR. TATE: I think that's a fair estimate, Your Honor.

THE COURT: Okay. Very good.

MR. SAVAGE: We have a witness ready for today if we need to go.

THE COURT: Excellent. Thank you.

MR. TATE: So there are going to be two juries picked before we do voir dire.

THE COURT: Probably so. I'd like to get as many juries as we can today. I'd like to get three if we can get them. I'm probably -- I may -- I may limit -- I'm going to wait and see how everybody is doing, but I may limit a little bit on some of the cases the questioning depending on -- I realize your case may have a little bit of different stuff, although you may want me to ask some questions. If there are any questions, Mr. Tate, that you want me to ask that you're worried that if you ask them, it may have some negativity to it, I'll be glad to do it.

MR. TATE: Thank you.

THE COURT: I want to do this voir dire as expeditiously as possible, which means that there will be no talking to juries -- jurors individually to see if they can be fair. Like you can be fair, Mr. Smith. You can be. We're not going to do any of that. If they answer -- if they give a

response that you have to go into detail about, you can go into detail about it, if there's something, for a little bit. But we're not going to have a four corners to stretch the jury selection out. We're going to get it right down the line.

MR. SAVAGE: Your Honor, the government submitted a proposed voir dire and we indicated several questions that we would prefer the Court ask.

THE COURT: Right, and I'll ask those.

MR. SAVAGE: Thank you.

THE COURT: I'll ask those. If there are questions either side needs me to ask, I'll be the one to ask them. That way it's all part of the process and not tagged to any one side.

MR. SAVAGE: Your Honor, one other thing is that in our proposed voir dire, we outlined a brief -- very brief couple paragraphs outlining the indictment. We think that might help frame the issue.

THE COURT: Have you showed it to Mr. Tate?

MR. SAVAGE: Yes, it's been filed.

MR. TATE: We've seen it and that prompted our motion to strike surplusage. We believe it's an impermissible speaking indictment, that basically the government's preamble amounts to argument. It over highlights their case versus the defense. It really doesn't go to the elements of the offenses charged. We'd ask that the Court read the -- what he's

charged with. And whatever the government feels that its evidence will show, they can put on evidence.

MR. SAVAGE: Your Honor, the preamble, if the Court would look -- I don't know what the defense counsel is talking about -- but it's three paragraphs and it basically paraphrases Counts One and Two. If the Court wants to skip the part about the 20 incorporated paragraphs, that won't make any difference, but it certainly would save some time as opposed to reading verbatim an indictment.

MR. TATE: We don't have any objection to that.

THE COURT: All right. We'll talk about that when we -- right before you do yours. If you'll remind me about that, I'll take a look at it at that point.

MR. SAVAGE: Yes, Your Honor.

THE COURT: Thank you both.

(End of calendar call.)

*****

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CERTIFICATE OF REPORTER

I, Cheryl A. Nuccio, Federal Official Realtime Court Reporter, in and for the United States District Court for the Western District of North Carolina, do hereby certify that pursuant to Section 753, Title 28, United States Code, that the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

Dated this 7th day of October 2020.

s/Cheryl A. Nuccio
_________________________
Cheryl A. Nuccio, RMR-CRR
Official Court Reporter